# EXHIBIT 2

## Pleadings

Plaintiff Donna Dibetta Virgillo's Original Petition and Request for Disclosure

Defendant Kenneth Yeomans' Special Appearance

Defendant Kenneth Yeomans' Original Answer

XRS Corporation's Original Answer

*RECORDER'S MEMORANDUM*
*This instrument is of poor quality*
*at the time of imaging*

**2013 72392**

NO. _____

| | | |
|---|---|---|
| **DONNA DIBETTA VIRGILLO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **KENNETH YEOMANS** | § | **F I L E D** |
| **AND** | § | Chris Daniel |
| **XRS CORPORATION** | § | District Clerk |
| | | JUDICIAL DISTRICT DEC 03 2013 |

**PLAINTIFF'S ORIGINAL PETITION**
**AND REQUEST FOR DISCLOSURE**

Comes now Plaintiff, Donna DiBetta Virgillo, complaining of Defendants, Kenneth Yeomans and XATA Corp., and for cause of action would respectfully show unto the Honorable Court the following:

I.

Discovery shall be conducted pursuant to Level 2 as provided in Rule 190.3 TRCP.

II.

Plaintiff is and has been at all relevant times, a resident of Harris County, Texas. Her Texas Driver's License number is xxxx8641 and her Social Security number is xxx-xx-7982. Since the incident made the subject of this suit, she has married. Thus, her surname is now as shown above. Plaintiff is the same person who was involved in said incident.

Defendant, Kenneth Yeomans, is a resident Massachusetts whose residence address is 1 Carol Way 213, Salem, Massachusetts 01970. He and may be served by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701-2483 in accordance with sec. 17.061 et seq. TCPRC.

Defendant, XRS Corporation, is a Minnesota corporation, with offices at 965 Prairie Center Drive, Eden, Prairie, Hennepin County, Minnesota 55344 which may be served by serving the Secretary of State, 1019 Brazos, Room 106, Austin, Texas 78701 in accordance with sec. 17.44(b) TCPRC.

III.

Plaintiff would show that on December 13, 2011 at approximately 4:45, she was operating her Honda motor vehicle in a northerly direction on Eldridge Parkway, directly south of its intersection with U.S. Highway I-10 (Katy Freeway) in Houston, Harris County, Texas. On that occasion, she had stopped her vehicle behind a long lane of cars waiting for the traffic

1

9726334

signal for her to continue proceeding in a northerly direction. Her vehicle occupied the left (inside) lane.

While her vehicle was in a stationary position, (which it had been for at least one minute before the collision described herein) the Dodge Van vehicle operated by Defendant, Kenneth Yoemans, collided into the rear of Plaintiff's vehicle with great speed, force and violence, thus, causing considerable damage to Plaintiff's vehicle and an extraordinary amount of injury to her personally. Notwithstanding that, she was wearing her seatbelt at the time of the collision.

Plaintiff would show that the manner in which Defendant Kenneth Yeomans' operation of his vehicle on the occasion in question amounted to negligence in the following respects:

1.) failure to keep a proper lookout;

2.) operating his vehicle at an excessive rate of speed under the conditions existing on the occasion and at the location in question in that there was heavy rush hour traffic which required a greater degree of prudence and caution;

3.) failure to apply his brakes in a timely manner so as to avoid colliding with Plaintiff's vehicle;

4.) failure to maneuver his vehicle so as to avoid a collision with Plaintiff's vehicle; and

5.) failure to avoid colliding with Plaintiff's vehicle.

Plaintiff would further show that each of the acts of negligence alleged above operating together or separately was the proximate cause of the multiplicity of damages suffered as outlined below.

## IV.

In addition, Plaintiff would show that Defendant, Kenneth Yeomans, was at all relevant times on information and belief, still is an employee of Defendant, XRS Corporation. On the occasion in question which occurred during normal work hours, Defendant Yoemans was operating in the course and scope of his employment, thus imposing as a matter of law upon Defendant, XRS Corporation, the liability for Defendant, Kenneth Yeomans' negligent conduct. At the time of the occurrence of the events herein alleged, Defendant Yoemans' employer was named XATA Corp. which has since changed its name to XRS Corporation. On information and belief, one and the same entity is involved.

## V.

Plaintiff has suffered and continues to suffer a multiplicity of injuries from having been involved in this needless collision primarily to her back, shoulder and arm as well as other parts

2

of her body.  Specifically, directly after the accident, she experienced numbness in her left arm and hand of such a severe nature as to prevent the use of that arm for any productive purpose. For this reason, she was precluded from pursuing the occupation, for which she had been trained. Therefore, she was unemployed for an extended period of time thus causing a complete loss of income.  Because she even yet has numbness and tingling in her left hand, it has become necessary for her to change occupations.

## VI.

It has been necessary for Plaintiff to receive medical attention for her injuries which has taken a variety of forms, finally culminating in surgery which she underwent with respect to the cervical section of her back from which she is presently recuperating.

In addition, her injuries included re-injury of a previous spinal condition which had long since been totally resolved and at the time of the collision was causing her no trouble to the extent that she is now being required to undergo additional surgery on an entirely different part of her spinal column.  This surgery is planned for the near future.

## VII.

The end result is that she has a constant unremitting and debilitating injury which has drastically altered virtually all aspects of her lifestyle and which has been determined will cause daily problems to her for the foreseeable future and in all probability, forever.

Accordingly, she has experienced physical pain and suffering together with the attendant mental anguish constantly since the time of her accident.  Her injuries are of such a severe degree as to result in pain and suffering of an intense nature for the foreseeable future and in reasonable medical probability for the remainder of her life.

In addition, Plaintiff has incurred extensive medical expenses as of the present time and it is certain that she will incur significantly more in the future by reason of the future surgery and its aftermath which is already planned.  In reasonable probability, her injuries will necessitate the need for medical treatment with attendant expense for the foreseeable future, quite possibly for the remainder of her life.

In addition, Plaintiff's injuries have prevented her from employment for an extended period of time, thus, resulting in a drastic loss of income.  When she was able to work, she could not pursue the occupation for which she had been trained because of her physical disabilities resulting from her injuries.  This resulted in diminished income right up to the present time.  For this reason, she will undoubtedly experience diminished earnings for the remainder of her working life.

All considered, Plaintiff has suffered compensable damages in a presently indebtedness amount but which will surely be in the range of $500,000.00 to $2,500,000.00.

## XI.

## REQUEST FOR DISCLOSURE

Request for Disclosure pursuant to the Texas Rules of Civil Procedure.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants Kenneth Yeomans and XRS Corporation. be cited to appear and answer herein and after hearing hereof that Plaintiff recover Judgment in the amounts alleged above, jointly and severally against the said Defendants and for such other relief both general and special at law or in equity to which she may show herself justly entitled.

Respectfully submitted,

SPRAGUE & ASSOCIATES

Robert E. Hudson
State Bar No. 10162000
Michael T. Sprague
State Bar No. 18961900
11111 Katy Freeway, Suite 300
Houston, Texas 77079
(713) 647-3130 – Phone
(713) 647-3137 – Fax
Attorneys for Plaintiff
Donna DiBetta Virgillo

4

Filed 13 December 31 P3:51
Chris Daniel - District Clerk
Harris County
FAX15686583

CAUSE # 2013-72392

| | | |
|---|---|---|
| DONNA DIBETTA VIRGILLO OF | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| KENNETH YEOMANS and | § | |
| XRS CORPORATION | § | 152nd DISTRICT COURT |

# SPECIAL APPEARANCE
## OF
## KENNETH YEOMANS

NOW COMES Kenneth Yeomans, Defendant, specially appearing in response to the pleadings of the Plaintiffs, and shows the following:

1. **OBJECTION TO JURISDICTION.**  Defendant objects to the jurisdiction of this Court pursuant to Texas Rules of Civil Procedure Rule 120a.

2. **NON-RESIDENT**.  Defendant is neither a resident nor a domicile of the State of Texas. Defendant is a resident and domicile of Oklahoma.

3. **MINIMUM CONTACTS.**  Defendant does not have the minimum contacts with the State of Texas that are required by the laws of Texas or that satisfy the jurisdictional requirements of the United States Constitution for courts in Texas to acquire *in personam* jurisdiction over Defendant.

4. **SPECIAL APPEARANCE.**  Defendant is making this special appearance to object to the jurisdiction of this Court because Defendant is <u>not</u> amenable to process issued by the courts of the State of Texas.

5. **NON-WAIVER.**  Defendant reserves the right to pursue discovery and to defend as allowed by Rule 120a(1).

6. **AFFIDAVIT.** An affidavit executed by Defendant Storey will be made and filed with the Court this month and will be made in compliance with Rule

1

120a(1).

WHEREFORE, Defendant prays that a hearing be conducted on this Special Appearance and that this Court rule that Defendant is not amenable to process, that this Court does not have *in personam* jurisdiction over this Defendant and that this case be dismissed without prejudice other than the jurisdictional issue as to this Defendant, only.

## CERTIFICATE OF SERVICE

Defendant certifies that the foregoing was sent to all parties through counsel pursuant to Tex.R.Civ.Proc. Rule 21 at:

> Robert E. Hudson and Michael T. Sprague
> Sprague & Associates
> 11111 Katy Freeway, Suite 300, Houston, Texas 77079
> Fax – 713.647.3137
>
> and
>
> XRS Corp.
> 965 Prairie Center Drive
> Eden Prairie, Minnesota 55344
> Fax: +1(952) 894-2463
> Attn: Bruce B. McPheeters, Secretary & General Counsel

MATTINGLY LAW FIRM

By: Edward A. Mattingly
TBN 13228500
8554 Katy Freeway, Suite 327
Houston, Texas 77024
713.467.4400 – Voice; 713.467.4455 – Fax
ed@mattinglylawfirm.com
ATTORNEYS FOR DEFENDANT, KENNETH YEOMANS

2



# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

December 13, 2013

XRS Corporation
965 Prairie Center Drive
Prairie, MN 55344

> 2014-234949-1
> Include reference number in
> all correspondence

RE: Donna Dibetta Virgillo VS Kenneth Yeomans
152nd Judicial District Court Of Harris County, Texas
Cause No: 201372392

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on December 11, 2013.

CERTIFIED MAIL #71901046470100263641

Refer correspondence to:

Robert E. Hudson
Sprague & Associates
111111 Katy Freeway,
Suite 300
Houston, TX 77079

Sincerely,

Helen Lupercio

Helen Lupercio
Team Leader, Service of Process
CT/vo
Enclosure

1/3/2014 10:42:33 AM
Chris Daniel - District Clerk Harris County
Envelope No. 126090
By: SALENE SMITH

CAUSE NO. 2013-72392

| | | |
|---|---|---|
| DONNA DIBETTA VIRGILLO | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| KENNETH YEOMANS | § | |
| AND XRS CORPORATION, | § | |
| | § | |
| Defendants. | § | 152ND JUDICIAL DISTRICT |

## DEFENDANT KENNETH YEOMANS'
## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Kenney Yeomans ("Defendant") file this his Original Answer to Plaintiff

Donna Dibetta Virgillo's ("Plaintiff") Original Petition, and would respectfully show the Court

as follows:

## 1.
## GENERAL DENIAL

1.      Subject to such stipulations and admissions as may be made hereafter, Defendant

hereby enters a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure,

and requests that Plaintiff be required to prove by a preponderance of the evidence the charges

and allegations that she have made against her.

## II.
## AFFIRMATIVE DEFENSES

2.      Pleading further, alternatively, and by way of affirmative defense, Defendant

would show that the incident in question and Plaintiff's alleged resulting damages, if any, were

the result of negligent acts and/or omissions of others not under the control of Defendant,

including Plaintiff, whose acts or omissions were, alternatively, a proximate cause or a producing

cause or a contributing proximate cause or a contributing producing cause or the sole proximate

**Page 1**

cause or the sole producing cause of the incident in question and any alleged damages stemming therefrom.

3.      Further answering, alternatively, and by way of affirmative defense, Defendant would show that, in the unlikely event that any liability be found on the part of Defendant, such liability be reduced by the percentage of causation found to have resulted from the negligence of others, parties and non-parties to this suit in the manner prescribed by Texas Civil Practice and Remedies Code and Common law and asserts that the doctrine of "comparative causation" as set out in the Supreme Court of Texas opinion styled *Duncan v. Cessna Aircraft Company*, 665 S.W.2d 414 (Tex. 1984), applies; alternatively, FWEC seeks its remedies pursuant to §33.011 et seq., Tex. Civ. Prac. & Rem. Code.

4.      Defendant hereby asserts all rights arising pursuant to the proportional responsibility, comparative responsibility and contributions statues, including offset due to Plaintiff's responsibility, contributions from other parties found responsible, and credit for any settlements made in this action.

5.      Defendant has asserted these defenses in its answer in order to preserve its right to assert the affirmative defenses and to give Plaintiff notice of Defendant's intention to assert these defenses and avoid waiver. Defendant hereby reserves the right to add additional affirmative defenses, as they may become known to them during the course of discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant  Kenneth Yeomans prays that, upon final hearing of this cause, the Court will enter judgment that Plaintiff Donna Dibetta Virgillo, take nothing of and from Defendant, assess costs and attorneys' fees against Plaintiff, and award Defendant all other and further relief, both general and special, legal or equitable, to which Defendant may be justly entitled.

Respectfully Submitted,

**KURT W. MEADERS**
State Bar No. 13879900
**PAUL LANAGAN**
State Bar. No. 24065584

**MEADERS & LANAGAN**
**ATTORNEYS AT LAW**
2001 Bryan Street, Suite 3350
Dallas, Texas 75201
Telephone: (214) 754-8527
Facsimile: (214) 721-6289
Email: kmeaders@meaderslaw.com
planagan@meaderslaw.com

**ATTORNEYS FOR DEFENDANT**
**KENNETH YEOMANS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served upon Plaintiff's counsel on the 3rd day of January 2014 via facsimile in accordance with the Texas Rules of Civil Procedure:

Robert E. Hudson
Michael T. Sprague
Sprague & Associates
11111 Katy Freeway, Suite 300|
Houston, TX 77079
Via Facsimile (713) 647-3137

**KURT W. MEADERS**

1/3/2014 10:36:58 AM
Chris Daniel - District Clerk Harris County
Envelope No. 125989
By: SALENE SMITH

CAUSE NO. 2013-72392

| | | |
|---|---|---|
| DONNA DIBETTA VIRGILLO | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| KENNETH YEOMANS | § | |
| AND XRS CORPORATION, | § | |
| | § | |
| Defendants. | § | 152ND JUDICIAL DISTRICT |

### DEFENDANT XRS CORPORATION'S
### ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant XRS Corporation ("Defendant") file this its Original Answer to Plaintiff Donna Dibetta Virgillo's ("Plaintiff") Original Petition, and would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

1.      Subject to such stipulations and admissions as may be made hereafter, Defendant hereby enters a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove by a preponderance of the evidence the charges and allegations that she have made against her.

### II.
### AFFIRMATIVE DEFENSES

2.      Pleading further, alternatively, and by way of affirmative defense, Defendant would show that the incident in question and Plaintiff's alleged resulting damages, if any, were the result of negligent acts and/or omissions of others not under the control of Defendant, whose acts or omissions were, alternatively, a proximate cause or a producing cause or a contributing proximate cause or a contributing producing cause or the sole proximate cause or the sole

Page 1

producing cause of the incident in question and any alleged damages stemming therefrom. Further answering, alternatively, and by way of affirmative defense, Defendant would show that, in the unlikely event that any liability be found on the part of Defendant, such liability be reduced by the percentage of causation found to have resulted from the negligence of others, parties and non-parties to this suit in the manner prescribed by Texas Civil Practice and Remedies Code and Common law and asserts that the doctrine of "comparative causation" as set out in the Supreme Court of Texas opinion styled *Duncan v. Cessna Aircraft Company*, 665 S.W.2d 414 (Tex. 1984), applies; alternatively, FWEC seeks its remedies pursuant to §33.011 et seq., Tex. Civ. Prac. & Rem. Code.

3.     Defendant hereby asserts all rights arising pursuant to the proportional responsibility, comparative responsibility and contributions statues, including offset due to Plaintiff's responsibility, contributions from other parties found responsible, and credit for any settlements made in this action.

4.     Defendant has asserted these defenses in its answer in order to preserve its right to assert the affirmative defenses and to give Plaintiff notice of Defendant's intention to assert these defenses and avoid waiver. Defendant hereby reserves the right to add additional affirmative defenses, as they may become known to them during the course of discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant XRS Corporation prays that, upon final hearing of this cause, the Court grant its Special Exceptions and will enter judgment that Plaintiff Donna Dibetta Virgillo, take nothing of and from Defendant, assess costs and attorneys' fees against Plaintiff, and award Defendant all other and further relief, both general and special, legal or equitable, to which Defendant may be justly entitled.

Respectfully Submitted,

KURT W. MEADERS
State Bar No. 13879900
PAUL LANAGAN
State Bar. No. 24065584

MEADERS & LANAGAN
ATTORNEYS AT LAW
2001 Bryan Street, Suite 3350
Dallas, Texas 75201
Telephone:  (214) 754-8527
Facsimile:  (214) 721-6289
Email: kmeaders@meaderslaw.com
        planagan@meaderslaw.com

ATTORNEYS FOR DEFENDANT
KENNETH YEOMANS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served upon Plaintiff's counsel on the 3rd day of January 2014 via facsimile in accordance with the Texas Rules of Civil Procedure:

Robert E. Hudson
Michael T. Sprague
Sprague & Associates
11111 Katy Freeway, Suite 300|
Houston, TX 77079
Via Facsimile (713) 647-3137

KURT W. MEADERS